1  BENJAMIN B. WAGNER
   United States Attorney
2  JEREMY R. JEHANGIRI
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, California 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5
   Attorneys for Plaintiff
6      United States of America

FILED

MAY 1 2 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

7

8                IN THE UNITED STATES DISTRICT COURT FOR THE

9                        EASTERN DISTRICT OF CALIFORNIA

10
   UNITED STATES OF AMERICA,          )  CASE NO.: 1:11 CR 00173  OWW 曜日
11                                     )
                  Plaintiff,           )  VIOLATIONS:
12                                     )  18 U.S.C. § 1349 - Conspiracy to
              v.                       )  Commit Wire Fraud; 18 U.S.C. §
13                                     )  1343 - Wire Fraud (14 Counts); 18
   ALIA CHRISTINE BROST, and          )  U.S.C. §§ 1029(a)(2) and 2 -
14  ROBERTO RENTERIA, JR.,            )  Unauthorized Use of Access
                                       )  Devices and Aiding and Abetting
15                Defendants.          ·) (14 Counts); 18 U.S.C. §§
                                       )  981(a)(1)(c), 982(a)(1), and
16                                     )  982(a)(2)(A), and 28 U.S.C.
                                       )  § 2461 - Criminal Forfeiture
17                                     )
                                       )
18

19                          I N D I C T M E N T

20  COUNT ONE: [18 U.S.C. § 1349 - Conspiracy to Commit Wire Fraud]

21      The Grand Jury charges:

22                      ALIA CHRISTINE BROST, and
                         ROBERTO RENTERIA, JR.,
23
   defendants herein, as follows:
24
   I.   CONSPIRACY
25
      1.   Beginning at a time unknown, but no later than in or about
26
   December 2009, and continuing through in or about July 2010, within the
27
   State and Eastern District of California and elsewhere, defendants ALIA
28
   CHRISTINE BROST and ROBERTO RENTERIA, JR., and others both known and

1  unknown to the Grand Jury, did unlawfully, voluntarily, intentionally,
2  and knowingly conspire, combine, confederate, and agree together and with
3  each other to devise a scheme and artifice to defraud, and obtain money
4  and property by means of false and fraudulent pretenses, representations,
5  and promises, by sending and causing to be sent a sign, signal, and sound
6  to be transmitted by means of wire communications in interstate and
7  foreign commerce, in violation of Title 18, United States Code, Section
8  1343.

9  II.  PARTIES, PERSONS, AND ENTITIES

10  At all times relevant herein:

11  2.  Defendants ALIA CHRISTINE BROST and ROBERTO RENTERIA, JR., are
12  residents of Kern County, State and Eastern District of California.
13  Defendants BROST and RENTERIA are married.

14  3.  Defendants BROST and RENTERIA owned and operated a restaurant
15  and catering business in Bakersfield, State and Eastern District of
16  California, named Victor Victoria's Restaurant and Renteria Catering.

17  4.  Defendants BROST and RENTERIA opened the restaurant and
18  catering businesses in or about August 2009.  The restaurant closed in
19  or about July 2010, while the catering business remained open until in
20  or about September 2010.

21  III.  MANNER, MEANS, AND ACTS OF CONSPIRACY

22  5.  Defendants ALIA CHRISTINE BROST and ROBERTO RENTERIA, JR., and
23  others acting at their direction and on their behalf, executed the
24  conspiracy to commit wire fraud through the following manner, means, and
25  acts.

26  6.  Customers would visit Victor Victoria's Restaurant to dine and
27  eat meals.  The restaurant was a fully operational restaurant that was
28  open to the public and that had a dining room and full kitchen.  During

2

1 the months that the restaurant and catering business were open,
2 defendants BROST and RENTERIA hired kitchen staff, cooks, and servers to
3 perform the various tasks necessary to operate the businesses.

4     7.   As part of their businesses, defendants BROST and RENTERIA also
5 obtained point-of-sale systems from merchant processing companies.  The
6 point-of-sale systems were used to process credit and debit card
7 transactions at the restaurant and with the catering business when a
8 customer elected to pay for their meal and/or goods with a credit or
9 debit card.  The merchant processing companies provide the processing
10 machines for the defendants' use at the businesses.  The merchant
11 processing companies also serve as an intermediary between the
12 defendants' businesses and the bank through which a customer's credit or
13 debit card was charged.

14     8.   While utilizing the point-of-sale system, defendants BROST and
15 RENTERIA conspired to unlawfully use and access credit or debit cards of
16 customers who ate at Victor Victoria's Restaurant.  In some instances,
17 a customer would pay their dining bill with a credit or debit card.
18 Defendant BROST and/or defendant RENTERIA would then charge the credit
19 or debit card for the amount of the dining bill.  After the bill was paid
20 and the customer had left the restaurant, defendants BROST and/or
21 RENTERIA would again charge the customer's credit or debit card for a
22 much larger, unauthorized amount.  The customers had no knowledge of
23 these unauthorized transactions until the customer received their credit
24 card or banking statement.

25     9.   Upon learning of the unauthorized transactions, customers would
26 challenge the charges made to the credit or debit card.  In some
27 instances, defendants BROST and/or RENTERIA would tell the customer that
28 the unauthorized charge was a mistake.  The customer would receive a

3

1  refund through their respective credit card company and/or bank.

2  10. As a result of the conspirators' conduct, defendants BROST and
3  RENTERIA would receive money from the credit or debit cards of their
4  customers. The money supplied to defendants BROST and/or RENTERIA, via
5  the credit card company or bank of their customers, would then be paid
6  to one of the businesses, either Victor Victoria's Restaurant or Renteria
7  Catering. In many instances, money from these businesses would then be
8  deposited into a bank account belonging to defendant BROST and/or
9  defendant RENTERIA.

10  11. Once a customer received the repayment for the unauthorized
11  charge, the merchant processing company, which provided the point-of-sale
12  system to Victor Victoria's Restaurant and/or Renteria Catering, would
13  sustain the loss deriving from defendants' fraudulent conduct.

14  12. As part of the conspiracy, the defendants' businesses, Victor
15  Victoria's Restaurant and Renteria Catering, used several different
16  merchant processing companies. Once a merchant processing company
17  learned of the defendants' conduct by sustaining monetary losses, the
18  merchant processing company would terminate the business relationship
19  with defendants BROST and RENTERIA.

20  13. When defendants BROST and/or RENTERIA charged a customers
21  credit card as part of the conspiracy to defraud, the credit or debit
22  card transaction was transmitted by a wire communication in interstate
23  and/or foreign commerce. Most, if not all, of the merchant processing
24  companies, including First National Bank of Omaha, Heartland Payment
25  Systems, and American Express, operated outside the State of California
26  and in interstate commerce with the defendants' businesses.

27  14. Based on the defendants' fraudulent conduct, the merchant
28  processing companies, including, but not limited to, First National Bank

4

1  of Omaha, Heartland Payment Systems, and American Express, sustained
2  significant monetary losses.

3       All are in violation of Title 18, United States Code, Section 1349.

4

5  COUNTS TWO THROUGH TEN   [18 U.S.C. § 1343 - Wire Fraud]

6       The Grand Jury further charges:

7                       ALIA CHRISTINE BROST,

8  defendant herein, as follows:

9       15.  Paragraphs 1 through 14, inclusive of Count One, above, are
10 fully incorporated by reference as though fully set forth herein.

11      16.  On or about the dates set forth below, within the State and
12 Eastern District of California and elsewhere, for the purpose of carrying
13 out and aiding and abetting the aforementioned scheme and artifice to
14 defraud, the defendant, with the intent to defraud, sent and/or caused
15 to be sent a sign, signal, and sound to be transmitted by means of wire
16 communications in interstate and foreign commerce:

| COUNT | ON OR ABOUT DATE | DESCRIPTION AND RECEIVER |
|---|---|---|
| TWO | 12/08/2009 | Wire transmission of monies in the amount of $2,000.00 between United Bank Card in New Jersey to a bank account in the Eastern District of California |
| THREE | 01/05/2010 | Wire transmission of monies in the amount of $2,000.00 between United Bank Card in New Jersey to a bank account in the Eastern District of California |
| FOUR | 02/27/2010 | Wire transmission of monies in the amount of $3,674.52 between Heartland Payment Systems in Ohio to a bank account in the Eastern District of California |
| FIVE | 03/14/2010 | Wire transmission of monies in the amount of $4,980.00 between Heartland Payment Systems in Ohio to a bank account in the Eastern District of California |

5

| SIX | 03/15/2010 | Wire transmission of monies in the amount of $3,683.14 between Heartland Payment Systems in Ohio to a bank account in the Eastern District of California |
|---|---|---|
| SEVEN | 03/17/2010 | Wire transmission of monies in the amount of $1,060.00 between Wholesale Merchant Processing/Merchant Services, Inc., by and through First National Bank of Omaha in Nebraska, to a bank account in the Eastern District of California |
| EIGHT | 04/03/2010 | Wire transmission of monies in the amount of $3,500.00 between American Express in Arizona to a bank account in the Eastern District of California |
| NINE | 04/07/2010 | Wire transmission of monies in the amount of $2,358.19 between Wholesale Merchant Processing/Merchant Services, Inc., by and through First National Bank of Omaha in Nebraska, to a bank account in the Eastern District of California |
| TEN | 04/21/2010 | Wire transmission of monies in the amount of $3,254.17 between Wholesale Merchant Processing/Merchant Services, Inc., by and through First National Bank of Omaha in Nebraska, to a bank account in the Eastern District of California |

All are in violation of Title 18, United States Code, Section 1343.

COUNTS ELEVEN THROUGH FIFTEEN: [18 U.S.C. § 1343 - Wire Fraud]

The Grand Jury further charges:

ROBERTO RENTERIA, JR.,

defendant herein, as follows:

17. Paragraphs 1 through 14, inclusive of Count One, above, are fully incorporated by reference as though fully set forth herein.

18. On or about the dates set forth below, within the State and Eastern District of California and elsewhere, for the purpose of carrying out and aiding and abetting the aforementioned scheme and artifice to defraud, the defendant, with the intent to defraud, sent and/or caused

6

1 | to be sent a sign, signal, and sound to be transmitted by means of wire
2 | communications in interstate and foreign commerce:

| COUNT | ON OR ABOUT DATE | DESCRIPTION AND RECEIVER |
|-------|------------------|--------------------------|
| ELEVEN | 07/02/2010 | Wire transmission of monies in the amount of $1696.54 between American Express in Arizona to a bank account in the Eastern District of California |
| TWELVE | 07/02/2010 | Wire transmission of monies in the amount of $2,941.60 between American Express in Arizona to a bank account in the Eastern District of California |
| THIRTEEN | 07/05/2010 | Wire transmission of monies in the amount of $2,439.67 between American Express in Arizona to a bank account in the Eastern District of California |
| FOURTEEN | 07/06/2010 | Wire transmission of monies in the amount of $2,818.07 between American Express in Arizona to a bank account in the Eastern District of California |
| FIFTEEN | 07/14/2010 | Wire transmission of monies in the amount of $975.00 between American Express in Arizona to a bank account in the Eastern District of California |

All are in violation of Title 18, United States Code, Section 1343.

COUNTS SIXTEEN THROUGH TWENTY-FIVE: [18 U.S.C. §§ 1029(a)(2) and 2 - Unauthorized Use of Access Devices and Aiding and Abetting]

The Grand Jury further charges:

ALIA CHRISTINE BROST,

defendant herein, as follows:

19. Paragraphs 1 through 14, inclusive of Count One, above, are fully incorporated by reference as though fully set forth herein.

20. Beginning at a time unknown but no later than December 2009, and continuing through in or about July 2010, within the State and Eastern District of California and elsewhere, the defendant, and others

7

1  known and unknown to the grand jury, did knowingly, and with the intent
2  to defraud, obtain money and property in excess of $1,000.00 during a
3  one-year period by using more than one unauthorized access device, as
4  defined in Sections 1029(e)(1) and (3) of Title 18, United States Code,
5  to wit: credit card account numbers, lost, stolen or obtained with the
6  intent to defraud, such use having an effect on interstate and foreign
7  commerce.

8      21.  By such conduct as described above, from on or about the dates
9  set forth in paragraph 20, the defendant obtained goods in excess of
10 $1,000.00, including, but not limited to, the below described credit card
11 accounts, in the approximate amounts described below:

| COUNT | ON OR ABOUT DATE | CARDHOLDER'S INITIALS | CREDIT CARD COMPANY & CARD NUMBER | APPROXIMATE DOLLAR AMOUNT |
|---|---|---|---|---|
| SIXTEEN | 03/04/2010 | R.C.G. | American Express XXXX XXXX 5131 003 | $2,348.62 |
| SEVENTEEN | 03/06/2010 | R.C.G. | American Express XXXX XXXX 5131 003 | $2,346.23 |
| EIGHTEEN | 03/09/2010 | R.C.G. | American Express XXXX XXXX 5131 003 | $3,268.47 |
| NINETEEN | 03/11/2010 | R.C.G. | American Express XXXX XXXX 5131 003 | $3,650.00 |
| TWENTY | 03/13/2010 | R.C.G. | American Express XXXX XXXX 5131 003 | $3,267.50 |
| TWENTY-ONE | 03/14/2010 | R.C.G. | American Express XXXX XXXX 5131 003 | $4,980.00 |
| TWENTY-TWO | 03/15/2010 | J.H. | American Express XXXX XXXX 0742 010 | $3,683.14 |
| TWENTY-THREE | 03/30/2010 | B.J.H. | American Express XXXX XXXX 7791 057 | $3,885.00 |
| TWENTY-FOUR | 03/30/2010 | B.J.H. | American Express XXXX XXXX 7791 057 | $3,975.28 |
| TWENTY-FIVE | 04/03/2010 | B.J.H. | American Express XXXX XXXX 7791 057 | $3,500.00 |

8

1   All are in violation of Title 18, United States Code, Sections
2   1029(a)(2) and 2.

4   COUNTS TWENTY-SIX THROUGH TWENTY-NINE:   [18 U.S.C. §§ 1029(a)(2) and 2
                                             - Unauthorized Use of Access
5                                            Devices   and   Aiding   and
                                             Abetting]

6   The Grand Jury further charges:

7                       ROBERTO RENTERIA, JR.,

8   defendant herein, as follows:

9       22.  Paragraphs 1 through 14, inclusive of Count One, above, are
10  fully incorporated by reference as though fully set forth herein.

11      23.  Beginning at a time unknown but no later than December 2009,
12  and continuing through in or about July 2010, within the State and
13  Eastern District of California and elsewhere, the defendant, and others
14  known and unknown to the grand jury, did knowingly, and with the intent
15  to defraud, obtain money and property in excess of $1,000.00 during a
16  one-year period by using more than one unauthorized access device, as
17  defined in Sections 1029(e)(1) and (3) of Title 18, United States Code,
18  to wit: credit card account numbers, lost, stolen or obtained with the
19  intent to defraud, such use having an effect on interstate and foreign
20  commerce.

21      24.  By such conduct as described above, from on or about the dates
22  set forth in paragraph 23, the defendant obtained goods in excess of
23  $1,000.00, including, but not limited to, the below described credit card
24  accounts, in the approximate dollar amounts described below:

25

26

27

28

                                   9

| COUNT | ON OR ABOUT DATE | CARDHOLDER'S INITIALS | CREDIT CARD COMPANY & CARD NUMBER | APPROXIMATE DOLLAR AMOUNT |
|---|---|---|---|---|
| TWENTY-SIX | 07/02/2010 | J.H. | American Express<br>XXXX XXXX 0742 010 | $1,696.54 |
| TWENTY-SEVEN | 07/02/2010 | B.J.H. | American Express<br>XXXX XXXX 7791 057 | $2,941.60 |
| TWENTY-EIGHT | 07/05/2010 | J.H. | American Express<br>XXXX XXXX 0742 010 | $2,439.67 |
| TWENTY-NINE | 07/06/2010 | B.J.H. | American Express<br>XXXX XXXX 7791 057 | $2,818.07 |

All are in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

FORFEITURE ALLEGATION: [18 U.S.C. §§ 981(a)(1)(c) and 28 U.S.C. § 2461(c) - Criminal Forfeiture]

The Grand Jury alleges:

25. The allegations in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(c), and 28 U.S.C. § 2461(c).

26. Pursuant to Title 18 United States Code, Section 981(a)(1)(C) and 28 U.S.C. § 2461, upon conviction of the offenses set forth in this Indictment, defendants ALIA CHRISTINE BROST and ROBERTO RENTERIA, JR., shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and 28 U.S.C. § 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to such violations.

27. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a

10

1        third party;

2        c.    has been placed beyond the jurisdiction of the court;

3        d.    has been substantially diminished in value; or

4        e.    has been commingled with other property which cannot be

5              divided without difficulty,

6   the United States of America shall be entitled to forfeiture of

7   substitute property pursuant to Title 21, United States Code, Section

8   853(p), as incorporated by Title 28, United States Code, Section 2461(c).

9        All are alleged pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C.

10  § 2461(c).

11
                                        A. TRUE BILL.
12
                                        /s/ Signature on file w/AUSA
13
                                        _____
                                        FOREPERSON
14

15  BENJAMIN B. WAGNER
    United States Attorney
16
         Mark E. Cullers
17  By:  _____
         MARK E. CULLERS
18       Assistant United States Attorney
         Chief, Fresno Office
19

20

21

22

23

24

25

26

27

28

                              11